**UNITED STATES of America,**
**Appellee,**

v.

**Kelly Clarence PIERRE and Esther Blake also known as Esther Mc-Lean, Defendants–Appellants.**

Nos. 06–4088–cr, 06–4688–cr.

United States Court of Appeals, Second Circuit.

July 17, 2008.

**829**

Robert A. Culp, Garrison, NY, for Appellant Pierre.

Monica R. Jacobson, New York, NY, for Appellant McLean.

William J. Stellmach, Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges, and DAVID G. TRAGER,* District Judge.

## SUMMARY ORDER

Kelly Clarence Pierre appeals from a judgment of the United States District Court for the S.D.N.Y. (Buchwald, *J.*), filed August 22, 2006, convicting him, following a guilty plea, of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 371 and sentencing him principally to 46 months' imprisonment, and from an order, filed October 25, 2006, ordering restitution in the amount of $618,312. In his brief, Pierre informs this court that he challenges only the restitution order. Esther McLean appeals from a judgment of the District Court, filed October 6, 2006, convicting her of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 371 and wire fraud in violation of 18 U.S.C. 1343 & 2, and sentencing her principally to 27 months' imprisonment, and from an order, filed December 8, 2006, ordering restitution in the amount of $618,312.

A restitution order is reviewed for abuse of discretion. *United States v. Reifler*, 446 F.3d 65, 120 (2d Cir.2006). The District Court did not abuse its discretion in choosing not to hold a hearing before ordering restitution in the amount of $618,312. Neither the Due Process Clause nor the federal Sentencing Guidelines required the district court to hold a full-blown evidentiary hearing to decide a dispute about a proposed restitution order. *United States v. Slevin*, 106 F.3d 1086, 1091 (2d Cir.1996). "All that is required is that the court afford the defendant some opportunity to rebut the Government's allegations." *Id.* (internal quotation marks omitted). The District Court gave Pierre the opportunity to challenge the restitution amount. We conclude that the District Court committed no error in its restitution order; we express no opinion as to the effectiveness of Pierre's trial counsel.

McLean challenges the use of a conscious avoidance jury instruction. The Second Circuit reviews the propriety of jury instructions de novo. *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004). A conscious avoidance charge is appropriate only when a defendant contests a specific aspect of knowledge necessary for conviction and there is an adequate factual predicate for the charge. *United States v. Civelli*, 883 F.2d 191, 194–95 (2d Cir.1989). McLean disputes the second condition, which is met if "the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact."

* The Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

*United States v. Aina–Marshall,* 336 F.3d 167, 170 (2d Cir.2003) (internal quotations marks and citations omitted). The doctrine is based on the common understanding that one can know a fact without being absolutely certain of it, as long as one is aware of a high probability of its existence and does not actually believe it does not exist. *See Leary v. United States,* 395 U.S. 6, 46, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); *United States v. Jewell,* 532 F.2d 697, 700 (9th Cir.1976).

Although "a conscious avoidance instruction is not appropriate ... when the evidence is that the defendant had either actual knowledge or no knowledge at all of the facts in question," *United States v. Nektalov,* 461 F.3d 309, 316 (2d Cir.2006), quoting *United States v. Sanchez–Robles,* 927 F.2d 1070, 1074 (9th Cir.1991) (internal quotation marks omitted), this is not a case in which the evidence was consistent only with direct knowledge or with ignorance. The evidence presented at trial is consistent with McLean's suspecting she was working for a fraudster without knowing it.

The dispositive issue is whether the jury could infer from the evidence that McLean deliberately refused to learn about fraud at Kensington Financial Group. Deliberately contriving not to learn the key facts (as opposed to merely failing to learn them through negligence) is essential to the concept of conscious avoidance. *United States v. Rodriguez,* 983 F.2d 455, 458 (2d Cir.1993). This is not a case in which "there was only equivocal evidence that the defendant had actual knowledge and ... no evidence that the defendant deliberately avoided learning the truth." *United States v. Ferrarini,* 219 F.3d 145, 157 (2d Cir.2000). The jury heard that McLean received complaints from various Kensington "clients" about the company's failure to obtain their loans or return their fees (including vehement letters accusing her of fraud), that she had not worked on any closings herself despite telling "clients" that she had, and that she was a Kensington bank account signatory aware of the financial dependence of Kensington on the receipt of fees from "clients," and its inconsistency with the marketing materials "clients" received. This was evidence from which the jury could reasonably conclude—if it had decided that McLean did not directly know the truth about Pierre's enterprise—that she deliberately avoided learning the truth. Finally, a conscious avoidance charge "is not inappropriate merely because the government has primarily attempted to prove that the defendant had actual knowledge, while urging in the alternative that if the defendant lacked such knowledge it was only because he had studiously sought to avoid knowing what was plain." *United States v. Hopkins,* 53 F.3d 533, 542 (2d Cir.1995).

■ The District Court's rulings on admissibility are reviewed for abuse of discretion. *United States v. Salvador,* 820 F.2d 558, 561 (2d Cir.), cert. denied 484 U.S. 966, 108 S.Ct. 458, 98 L.Ed.2d 398 (1987). McLean argues that both Kensington's 2004 office diary and certain project reports were kept in the course of regularly conducted business activity, and therefore admissible under Fed.R.Evid. 803(6). However, McLean herself at trial conceded that it was possible that her coworkers did not write everything in the diary that they were required by Pierre to record, and that not every call received from a client would be recorded in the diary. The District Court did not abuse its discretion by declining to admit a diary it correctly found to be "not necessarily complete," when there was apparently no "business duty," *United States v. Reyes,* 157 F.3d 949, 952 (2d Cir.1998) to make records in the diary. The project reports were similarly maintained in an incomplete

manner, and it was no abuse of discretion to exclude them. McLean argues for the first time on appeal that the diary and project reports should have been admitted regardless of Fed.R.Evid. 803(6) as relevant to her state of mind with respect to whether she could have perceived her employment at Kensington to have been regular and proper. We perceive no plain error in the District Court's decision to exclude the diary and project reports, especially when many other documents were admitted at trial that were relevant to the question of the "normal" appearance of business at Kensington, including employee responsibility charts, internal office memos, outgoing mail logs, and commission schedules, as well as logs containing detailed information regarding "clients" and the status of their financing applications.

Finally, McLean argues that the District Court erred in failing to grant her defense counsel's trial request for adjournment. The standard for this Sixth Amendment challenge is abuse of discretion. *Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). "The denial of a defendant's request for a continuance will not be reversed absent a showing both of arbitrariness and of prejudice to the defendant." *United States v. Arena,* 180 F.3d 380, 397 (2d Cir.1999). We find no arbitrariness or lack of reason in the District Court's decision and McLean has not shown that she was prejudiced, relying entirely on the very speculative suggestion that her defense counsel's difficulties finding certain, unspecified "helpful documents" muddled the defense and detracted from his credibility.

We have considered defendants' remaining arguments and find them to be without merit. For the foregoing reasons, we AF-FIRM the judgments and orders of the District Court.