

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-23-2009

# Kelly Pierre v. David Ebbert

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3936

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Kelly Pierre v. David Ebbert" (2009). *2009 Decisions.* Paper 1708.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1708

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-117**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3936
_____

KELLY PIERRE,
                              Appellant

v.

DAVID EBBERT, WARDEN;
THERESA MCKEEVER, F.B.I. AGENT;
MICHAEL KEELY, F.B.I. AGENT;
DIANE GUJARTI, ASSIST. U.S.A.;
WILLIAM STEMLLMACH, A.U.S.A;
RICHARD D. OWENS;
CHRISTOPHER J. CLARK

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-cv-01370 )
District Judge:  Honorable John E. Jones, III

_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
February 26, 2009

Before:  SLOVITER, FUENTES AND JORDAN, <u>Circuit</u> <u>Judges</u>

(filed: March 23, 2009 )
_____

OPINION
_____

PER CURIAM

Kelly Pierre, an inmate confined in the Clinton County Correctional Facility in McElhattan, Pennsylvania, appeals from an order of the United States District Court for the Middle District of Pennsylvania denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Appellees have filed a motion for summary affirmance. Because this appeal does not present a substantial question, we will grant the motion. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Pierre pleaded guilty to charges of conspiracy to commit mail fraud and wire fraud. In July 2006, he was sentenced by the United States District Court for the Southern District of New York to forty-six months of incarceration. The Second Circuit Court of Appeals affirmed the judgment on July 17, 2008. On July 21, 2008, Pierre filed a petition pursuant to 28 U.S.C. § 2241 in the District Court for the Middle District of Pennsylvania, the district where he was (and remains) confined. In his petition, Pierre alleged that the sentencing court lacked subject matter jurisdiction to enter judgment against him; the agents investigating his case violated due process, equal protection and the Fourth Amendment; and that he committed no crime. The District Court dismissed Pierre's petition. Pierre timely filed this appeal. For the reasons that follow, we will grant Appellee's motion for summary affirmance

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the district court's legal conclusions, and review its factual findings for clear error. See Lambert v. Blackwell, 134 F.3d 506, 512 (3d Cir. 1998). Upon

review, we conclude that the District Court properly dismissed the underlying 28 U.S.C. § 2241 petition through which Pierre sought to challenge his conviction and sentence.

A prisoner in custody may challenge his conviction and sentence in a 28 U.S.C. § 2255 proceeding before the sentencing court. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 shall not be entertained if it appears that the applicant has failed to apply for relief in the sentencing court, unless it appears that the remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Cradle v. United States, 290 F.3d 536, 538 (3d. Cir. 2002). A motion pursuant to § 2255 is "inadequate or ineffective" only when some limitation of scope or procedures would prevent the prisoner from receiving adequate adjudication of his claims. Id.

As the District Court explained, the claims presented in Pierre's habeas petition fall within the purview of 28 U.S.C. § 2255, because Pierre sought to challenge his sentence and conviction. In addition, Pierre did not assert in his § 2241 petition that relief under § 2255 was ineffective or inadequate. Because the District Court for the Middle District of Pennsylvania is not the sentencing court and Pierre has not shown that relief under § 2255 would be inadequate or ineffective, the Court correctly concluded that he could not seek relief under § 2241. See Cradle, 290 F.3d at 538. We GRANT the Government's motion and will summarily affirm the District Court's dismissal of Pierre's § 2241 petition.