**UNITED STATES of America,**
**Appellee,**

v.

**Franklin MINAYA, also known as Frank Lnu, also known as Hermano, Alberto Castellano, also known as Christian, also known as "Christian," Defendants–Appellants.**

**Nos. 07–4892–cr(L), 08–2222–cr(CON).**

United States Court of Appeals,
Second Circuit.

April 1, 2009.

Joan M. Loughnane, Assistant United States Attorney (David Leibowitz, Alexander J. Willscher, Andrew L. Fish, of counsel) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

B. Alan Seidler, Esq., New York, NY, for Defendant–Appellant Franklin Minaya; Thomas F.X. Dunn, Esq., New York, NY, for Defendant–Appellant Alberto Castellano.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges, and Hon. DENNY CHIN,* District Judge.

### SUMMARY ORDER

Defendants-appellants Alberto Castellano ("Castellano") and Franklin Minaya ("Minaya") appeal from judgments of convictions entered on October 31, 2007 and May 9, 2008, respectively, in the United States District Court for the Southern District of New York (Carter, J.). Following a jury trial, Castellano and Minaya were convicted of a variety of counts relating to racketeering, robbery, narcotics possession and distribution, firearm possession and use, and murder, in violation of: 18 U.S.C. § 1962(c), (d); 18 U.S.C. §§ 1951, 2; 21 U.S.C. § 846; 18 U.S.C. §§ 924(c)(1)(A)(i),

---

* The Honorable Denny Chin of the United States District Court for the Southern District of New York, sitting by designation.

2; 18 U.S.C. §§ 924(c)(1)(A)(ii), 2; 18 U.S.C. §§ 924(c)(1)(A)(iii), 2; 18 U.S.C. §§ 924(j)(1), 1111(a), 2; 21 U.S.C. § 848(e)(1)(A), and 18 U.S.C. § 2. We assume the parties' familiarity with the underlying facts and procedural history of this case.

■ Castellano argues that his convictions must be reversed for "legally insufficient credible evidence," because "[v]irtually all" the proof came "from witnesses who ha[d] made deals with the government." We disagree. We must "resolve all issues of credibility in favor of the jury's verdict." *United States v. Desena,* 260 F.3d 150, 154 (2d Cir.2001) (internal quotation marks omitted). This is true even if witnesses "testified pursuant to cooperation agreements with the Government." *United States v. Glenn,* 312 F.3d 58, 64 (2d Cir. 2002). In this case, cooperating witnesses Roy Valdez ("Valdez"), Juan Carlos Hernandez, and Salvador Mecedes provided detailed testimony about Castellano's participation in each of the charged crimes. While "[a] conviction may be sustained on the basis of the testimony of a single accomplice," *United States v. Gordon,* 987 F.2d 902, 906 (2d Cir.1993), extensive evidence also buttressed the cooperating witnesses' testimony, including, in part: a victim who identified Castellano as the person who robbed him in the manner Valdez had described; police officers who testified about Castellano's arrest outside the location of another robbery and the seizure of loaded firearms in Castellano's possession, just as Valdez had explained; and a medical examiner whose testimony was consistent with Valdez's claims regarding how Castellano had murdered a victim. Thus, a rational juror could have concluded beyond a reasonable doubt that Castellano was guilty of the crimes charged. *See United States v. Schwarz,* 283 F.3d 76, 105 (2d Cir.2002) ("Appel-lant[ ] . . . must establish that, viewing the evidence in the light most favorable to the government, no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt.").

■ Minaya makes a number of arguments related to the process by which the district court interviewed jurors after Juror 8 revealed that he recognized one of the courtroom spectators. Minaya first asserts that the district court improperly removed Juror 6 from the panel following the interviews. The district court has "broad discretion" to replace a juror "if there is reasonable cause to do so." *United States v. Purdy,* 144 F.3d 241, 247 (2d Cir.1998). We "will only find abuse of that discretion where there is 'bias or prejudice to the defendant.'" *Id.* (quoting *United States v. Gambino,* 951 F.2d 498, 503 (2d Cir.1991)). "Prejudice in this context exists when the discharge is without factual support or for a legally irrelevant reason." *Id.* (internal quotation marks omitted). Further, "[w]hether and to what extent a juror should be questioned regarding the circumstances of a need to be excused is also within the trial judge's sound discretion." *United States v. Reese,* 33 F.3d 166, 173 (2d Cir.1994).

In this case, Juror 6 explained to the court that she "live[d] in the neighborhood that a lot of this stuff had taken place." When questioned whether she could be fair and objective, Juror 6 responded affirmatively but stated that sitting on the jury, "bothers me. . . . At night when I sleep, I think about some of the things that happen in the case. . . . I dream about it. . . . And it's scary. Do I wonder if I were to run into these people again? Yes, I do wonder about that. So it does have an effect because it's right there where I live." After leaving the room, Juror 6 asked court personnel to return to speak again to the court, at which point she

stated: "I just want to say I don't want to do it. I really don't want to be in a final decision-making. [sic] I will, but I don't want to . . . I would prefer not to." Counsel for Castellano and Minaya then moved to have Juror 6 excused. The district court stated that it believed the juror could be objective but noted that, given her fears, it would be "preferable" to "avoid putting her in that position." The following day, two alternate jurors were then questioned and Juror 6 was replaced. Given Juror 6's fear and anxiety that she would encounter the defendants' associates in her neighborhood, in addition to the attorneys' requests to have Juror 6 excused, the district court did not abuse its discretion in removing this juror.

■ Through his pro se brief, Minaya also claims that the district court "had an obligation and fundamental duty to investigate" Juror 4's extra-judicial contacts after Juror 4 relayed a greeting to the district court from a state court judge. Because the only inference that can be drawn from the greeting is that Juror 4 told an outsider he or she was sitting on a jury before a particular judge, not that Juror 4 relayed details of the actual case, the district court did not act outside of its discretion by failing to further investigate this contact.

■ Minaya additionally argues in his pro se brief that he was deprived of his right to be present at trial because he was elsewhere while the jurors were interviewed. There is, however, no constitutional right or statutory right for a defendant to be present during interviews with jurors regarding potential juror bias or concerns. *United States v. Peterson,* 385 F.3d 127, 138 (2d Cir.2004) ("[The] Judge['s] . . . meeting with juror number three did not deprive defendants of any constitutional right or statutory right. . . . Indeed, their presence may have prevent-ed juror number three from speaking openly.").

■ Minaya further asserts that he was denied constitutionally effective representation because his trial counsel, *inter alia,* ignored his requests to testify, to call character witnesses, and—separate from his above claims regarding the juror interview process—asked the Court to remove a juror over Minaya's objection. Minaya's appellate counsel concedes that ineffectiveness claims should ordinarily not be brought on direct appeal, because the "trial record [is] . . . often incomplete or inadequate for this purpose." *Massaro v. United States,* 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Minaya's appellate counsel nevertheless raises the ineffectiveness claim because he "believes it can be decided on the record." But Minaya's purportedly "repeated[ ] request[s]" to testify, call character witnesses, and object to the removal of a juror are obviously matters that are not reflected in the record and whose effect, assuming their existence, could only be explored outside of it. *See id.* ("[T]he district court [is] the forum best suited to developing the facts necessary to determining the adequacy of representation during a trial."). Appellate counsel's claim to the contrary is ill-considered. We therefore decline to consider these arguments. *See United States v. Morris,* 350 F.3d 32, 39 (2d Cir.2003) ("When faced with a claim for ineffective assistance of counsel on direct appeal," the Court of Appeals may "decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus").

■ Castellano and Minaya both claim their sentences were unreasonable. In particular, Castellano newly argues on appeal that in imposing his sentence, the district court "did not exercise any discre-

tion and instead followed the sentencing recommendations of the [p]robation [d]epartment." Our precedent is clear, however, that it is not plain error for a district court to adopt the factual findings of a Presentence Report as a statement of reasons to support a sentence. *United States v. Espinoza*, 514 F.3d 209, 212 (2d Cir.2008) (per curiam) ("[B]ecause the [d]istrict [c]ourt relied on the findings in the PSR, and those findings are adequate to support the sentence, [the defendant] has not shown 'plain error.' "). To the extent Castellano and Minaya contend their sentences were substantively unreasonable, their excessively violent criminal acts, including numerous robberies in which victims were brutally assaulted, bound, injured, and murdered, justified life sentences, which were within the applicable Sentencing Guidelines range. *See, e.g., United States v. Frias*, 521 F.3d 229, 236 (2d Cir.2008) (concluding that a "sentence of life imprisonment for conspiracy to commit murder ... in connection with a narcotics offense ... falls comfortably within" the Guidelines range and is reasonable).

■■■ Castellano and Minaya were convicted of five and six § 924(c) counts, respectively. For each defendant, the district court imposed a consecutive five-year term of imprisonment on the first § 924(c) count, followed by additional 25–year consecutive sentences for the remaining counts as "second or subsequent convictions" for violations of § 924(c). *See* § 924(c)(1)(C)(i). As held in *Deal v. United States*, 508 U.S. 129, 132, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993), it was proper for the district court to impose the enhanced 25–year sentences for multiple § 924(c) convictions in the same proceeding. Although Castellano and Minaya ask us to revisit this precedent, this panel lacks authority to overturn holdings from

either the Supreme Court or another panel of this Court. *See, e.g., United States v. Santiago*, 268 F.3d 151, 154, 155 n. 6 (2d Cir.2001). Both also argue that the additional 25–year sentences violated their Sixth Amendment rights, because the indictment failed to charge that any of the firearm counts were "second or subsequent" convictions and the jury did not find that the offenses were "second or subsequent" convictions. But again, this argument is foreclosed by precedent. *United States v. Campbell*, 300 F.3d 202, 213 (2d Cir.2002) (stating that in sentences pursuant to § 924(c), there is "no requirement that the existence of prior convictions be alleged in the indictment or that any of the multiple firearms convictions returned by the jury be described by the jury as second or subsequent").

■■■ The government conceded at oral argument, however, that, pursuant to *United States v. Williams*, 558 F.3d 166 (2d Cir.2009), Castellano and Minaya are not subject to the five-year consecutive sentences on the first § 924(c)(1)(A)(i) count, because they were also convicted of narcotics conspiracy, which carried a mandatory minimum of ten years' imprisonment. *See* 21 U.S.C. § 846. While in *Williams* we held "that the mandatory minimum sentence under Section 924(c)(1)(A) is ... inapplicable where the defendant[s] [are] subject to a longer mandatory minimum for a drug trafficking offense," we affirmed the underlying § 924(c)(1)(A)(i) conviction. Therefore, in this case, though the predicate § 924(c)(1)(C)(i) minimum sentence must be vacated under *Williams*, the predicate § 924(c)(1)(A) conviction remains, and the 25–year consecutive sentences for "second or subsequent conviction[s]" under § 924(c)(1)(C)(i) are unaffected. We thus vacate each defendant's predicate § 924(c)(1)(C)(i) minimum sentence of five-

years. *See United States v. McLeod,* 251 F.3d 78, 84 (2d Cir.2001) (stating that where a technical change in the judgment "will not change the aggregate sentence that has been imposed, we will not require a remand and instead will modify the judgment" (citing 28 U.S.C. § 2106)).

We have considered Castellano's and Minaya's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgments of conviction and sentences are AFFIRMED, except the five-year § 924(c)(1)(C)(i) minimum sentences are VACATED.