10-3558-cr
United States v. Henchey

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of October, two thousand eleven.

PRESENT: GERARD E. LYNCH,
           DENNY CHIN,
           SUSAN L. CARNEY,
                   *Circuit Judges.*

-------------------------------------------------------------------

UNITED STATES OF AMERICA,

               *Appellee*,

          v.                            No. 10-3558-cr

THOMAS F. HENCHEY,

               *Defendant-Appellant.*

-------------------------------------------------------------------

FOR DEFENDANT–APPELLANT:      GEORGE E. BAIRD, Assistant Federal Public Defender, Albany, NY.

FOR APPELLEE:      BRENDA K. SANNES, Assistant United States Attorney, Of Counsel, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (Norman A. Mordue, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

On March 8, 2010, Thomas Henchey pled guilty without a plea agreement to one count of receiving child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2256(8)(A), and one count of possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256(8)(A). On August 31, 2010, the District Court sentenced Henchey to a below-Guidelines sentence of 120 months of incarceration on each count, to be served concurrently. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Henchey argues that the District Court committed procedural error by failing to provide a sufficient rationale for its sentence. See United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (holding that a district court commits procedural error "if it fails adequately to explain its chosen sentence"). The Court explained that it was imposing a below-Guidelines sentence based upon its findings that (1) there was no evidence suggesting that Henchey had had or solicited sexual contact with minors; (2) Henchey has an extensive history of mental health problems; and (3) a Guidelines sentence would be "more than that which is reasonable and necessary to meet the goals of sentencing" outlined in 18 U.S.C. § 3553(a). The Court also found, based upon the types of images Henchey possessed and a psychological report he submitted, that Henchey posed some risk of recidivism, justifying a substantial sentence in this case. The Court then imposed a sentence of 120 months of

2

incarceration, which was below the Guidelines range of 168 to 210 months, but above the 60-month mandatory minimum sentence requested by Henchey. The Court's explanation of how it balanced the various mitigating factors, as well as Henchey's risk of recidivism, in order to arrive at a sentence that was below the Guidelines sentence but above the mandatory minimum is sufficient to "satisfy us . . . that it has considered the party's arguments and has articulated a reasonable basis for exercising its decision-making authority." United States v. Bonilla, 618 F.3d 102, 111 (2d Cir. 2010). Although it is true, as Henchey claims, that the District Court did not specifically discuss every single argument he made below with respect to the application of the sentencing factors set forth § 3553(a), under our precedent the District Court was not required to "'address every argument the defendant has made.'" Id. (quoting United States v. Villafuerte, 502 F.3d 204, 210 (2d Cir. 2007)).

Henchey's procedural arguments concerning the psychological report also fail. Contrary to Henchey's contention on appeal, the psychological report concluded that Henchey *does* pose a risk of recidivism. Further, the District Court did not err by rejecting the report's conclusion that Henchey posed "no risk to the community," which was apparently based upon the mistaken view that the consumption of child pornography is a victimless crime. See United States v. McDaniel, 631 F.3d 1204 (11th Cir. 2004) (noting that the "end users of child pornography enable and support the continued production of child pornography"). Assuming *arguendo* that the report correctly predicted that Henchey is not likely to physically abuse children himself, the District Court was not required to infer that he therefore posed no risk of recidivism or of harm to the community.

3

We also reject Henchey's argument that the District Court imposed a sentence that was substantively unreasonable. "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." Cavera, 550 F.3d at 190. "[T]he substantive determination of a District Court will be set aside only in those special cases where the range of permissible decisions does not encompass the District Court's determination." United States v. Johnson, 567 F.3d 40, 51 (2d Cir. 2009).

The District Court did not commit any error analogous to the substantive errors in United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010). In Dorvee, we held that the district court placed unreasonable weight upon the need for punishment and deterrence when it assumed that Dorvee was likely to sexually assault a child – a view unsupported by the record and "in the face of expert record evidence to the contrary." Id. at 183. We also found that the district court failed to adequately explain why a maximum sentence was necessary to deter Dorvee, and we were "troubled" that the district court "seem[ed] to have considered it a foregone conclusion that the statutory maximum sentence" would be upheld in this court. Id. at 184-85. The District Court committed none of these errors in this case, and in fact imposed a sentence well below both the Guidelines recommendation and the statutory maximum, in part because there was no evidence that Henchey had sexually abused or solicited a minor. By paying careful attention to the mitigating factors in this case and imposing a below-Guidelines sentence, the District Court acted consistently with our

4

statement in <u>Dorvee</u> that the child pornography Guidelines must be "applied with great care,"
because they can easily "lead to unreasonable sentences that are inconsistent with what
§ 3553 requires." <u>Id</u>. at 184.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court