13-4854-cr
*United States v. Hagerman*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand fourteen.

Present:
        ROBERT A. KATZMANN,
                *Chief Judge*,
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

     *Appellee*,

        v.                           No. 13-4854-cr

PAUL HAGERMAN,

     *Defendant-Appellant*.

_____

For Appellee:                Richard A. Friedman, Appellate Section, Criminal Division, United States Department of Justice (Tamara Thomson, Assistant United States Attorney, Northern District of New York, *on the brief*), *for* Richard Hartunian, United States Attorney for the Northern District of New York, David O'Neil, Acting Deputy

Assistant Attorney General, and Leslie R. Caldwell, Assistant Attorney General, Criminal Division, United States Department of Justice, Washington, DC.

For Defendant-Appellant:     Molly Corbett, Research and Writing Specialist, Gene V. Primono, Assistant Federal Public Defender, *for* Lisa Peebles, Acting Federal Public Defender for the Northern District of New York, Albany, NY.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Paul Hagerman appeals from an amended judgment of conviction dated December 13, 2013 in the United States District Court for the Northern District of New York (Suddaby, *J.*), following his guilty plea to one count of receiving child pornography and one count of possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) & (B). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Hagerman had previously appealed both his sentence, which we affirmed, and the initial restitution awarded to a victim of his crimes under 18 U.S.C. § 2259, which we reversed and remanded. *See United States v. Hagerman*, 506 F. App'x 14 (2d Cir. 2012) (summary order). In this appeal, Hagerman challenges the new restitution award of $3,281. "We review restitution orders deferentially and will reverse only for abuse of discretion." *United States v. Paul*, 634 F.3d 668, 676 (2d Cir. 2011) (internal quotation marks omitted). We reversed the initial restitution award because of an error in its calculation, but we upheld both the district court's per capita method of calculating restitution by dividing the victim's total losses by the number of

2

defendants successfully prosecuted as well as the district court's finding that Hagerman proximately caused a portion of the losses. *See Hagerman*, 506 F. App'x at 18–19.

Hagerman argues that these conclusions were upended by two recent Supreme Court decisions: *Burrage v. United States*, 134 S. Ct. 881 (2014), and *Paroline v. United States*, 134 S. Ct. 1710 (2014).[*] *Burrage* held that but-for causation was required by a provision of the Controlled Substances Act analogous to section 2259, which might arguably have supported Hagerman's appeal. But *Paroline* interpreted the very provision at issue here—the definition of a victim as " 'the individual harmed as a result of a commission of a crime under this chapter.' " *Paroline*, 134 S. Ct. at 1720 (quoting section 2259). In so doing, the Supreme Court unmistakably endorsed the proximate causation analysis that we affirmed in Hagerman's first appeal, stating that "the victim's costs of treatment and lost income resulting from the trauma of knowing that images of her abuse are being viewed over and over are direct and foreseeable results of child-pornography crimes, including possession, assuming the prerequisite of factual causation is satisfied." *Id.* at 1722. We have no doubt that both proximate and factual causation were established here.

*Paroline* continued: "[W]here it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies

_____

[*] Because the Supreme Court had not issued its opinion in *Paroline* when Hagerman filed this appeal, his arguments about *Paroline* are based only on the briefs filed in that case.

the victim's general losses." *Id.* at 1727. In this case, the district court found that the entirety of the victim's losses were a direct result of her knowledge that unidentified individuals had downloaded and trafficked in pornographic images of her abuse, and that factual finding was not clearly erroneous. To arrive at Hagerman's individual contribution, the district court then divided the victim's total losses by the number of criminal defendants who contributed to those losses by possessing the victim's images. Hagerman did not object to this calculation method below, and in light of the Supreme Court's guidance in *Paroline*, we perceive no "clear or obvious" legal error that would render the district court's approach an abuse of discretion. *United States v. Marcus*, 560 U.S. 258, 262 (2010). The resulting award was neither "severe . . . [nor] a token or nominal amount," *Paroline*, 134 S. Ct. at 1727, but was well "within the range of permissible decisions," *Paul*, 634 F.3d at 676 (internal quotation marks omitted).

We have considered Hagerman's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4