11-0303-cr
USA v. Echeverri

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

Present:
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
>> *Circuit Judges*,
> JANE A. RESTANI,
>> *Judge*.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                   No. 11-0303-cr

CARLOS ECHEVERRI, a/ka c4p3t069@gmail.com, a/k/a capeto69@yahoo.com, a/k/a cape266@hotmail.com, a/k/a capeto66@hotmail.com, a/k/a Carlos Millan, a/k/a carpetin69@hotmail.com, a/k/a c4b3tco69@gmail.com,

> *Defendant-Appellant*.

---

For Defendant-Appellant:          Colleen P. Cassidy, *of counsel*, Federal Defenders of
                                   New York, Inc., New York, N.Y.

---

* The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

For Appellee:                    Emily Berger, Karin Orenstein, Assistant United States
                                 Attorneys, *of counsel*, *for* Loretta E. Lynch, United
                                 States Attorney for the Eastern District of New York.


Appeal from the United States District Court for the Eastern District of New York (Johnson, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **VACATED** and **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant Carlos Echeverri appeals from a January 11, 2011 judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*), convicting him, following a guilty plea, of one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). On December 20, 2010, the district court imposed a Guidelines sentence of ninety-seven months' imprisonment, five years of supervised release, and a special assessment of $200. On appeal, Echeverri contends that his sentence is procedurally and substantively unreasonable. Specifically, he argues that the sentence must be vacated because the district court conducted no independent analysis of the sentencing factors and Guidelines enhancements and failed to give specific reasons for imposing the sentence. We presume the parties' familiarity with the facts and procedural history of this case.

We review a district court's sentence for "reasonableness, which is 'akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact.'" *United States v. Leslie*, 658 F.3d 140, 142 (2d Cir. 2011)

(per curiam) (quoting *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007)). "A district court commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified)," "makes a mistake in its Guidelines calculation," "treats the Guidelines as mandatory," "does not consider the § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Where the Court determines that there was no procedural error in a district court's sentencing, it "then considers the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard, taking into account the totality of the circumstances." *United States v. Rigas*, 583 F.3d 108, 121 (2d Cir. 2009) (internal quotation marks omitted). Although we do not presume that a sentence within the Guidelines range is reasonable, *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010), a district court's substantive findings will be set aside only "in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

Echeverri contends that the district court erred in failing to conduct an independent analysis and articulate any specific reasons for adhering to the Guidelines range. In particular, given that this Court's decision in *Dorvee* suggests that the child pornography Guidelines are flawed in that certain enhancements apply in virtually every child pornography case, *see* 616 F.3d at 185-86, he faults the district court for failing to independently evaluate the enhancements in his particular case. Echeverri also faults the district court for failing to articulate any reasons for its chosen sentence. The district court imposed a sentence of 97 months' imprisonment, stating that it had "looked at Section 3553(a), [and] taken into consideration [the] argument and

3

submission of counsel," and determined that "the low end" of the Guidelines range was "sufficient but not greater than necessary to address this particular crime." J.A. 64. Because the district court did not provide any additional reasons for its chosen sentence, we agree with Echeverri that the district court "fail[ed] adequately to explain its chosen sentence," *Cavera*, 550 F.3d at 190, and we thus vacate Echeverri's sentence and remand to the district court for resentencing.

We have considered all of Defendant-Appellant's remaining arguments and, for the reasons stated above, we **VACATE** the sentence and **REMAND** to the district court for resentencing.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4