12-3972-cr
United States v. McLean

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 1st
day of May, two thousand thirteen.

Present:    ROSEMARY S. POOLER,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.
            CATHY SEIBEL,[*]
                    *District Judge*.

───────────────────────────────────────────────────────

UNITED STATES OF AMERICA,

                    *Appellee*,

            -v-                                                 12-3972-cr

TRAVAIL MCLEAN,

                    *Defendant-Appellant*.

───────────────────────────────────────────────────────

Appearing for Appellee:         Henry Kapp Kopel, Assistant United States Attorney,
                                District of Connecticut (David B. Fein, United States
                                Attorney, Sandra Slack Glover, Assistant United States
                                Attorney, *on the brief*) New Haven, CT.

Appearing for Appellant:        Ronald Burton Resetarits, Assistant Federal Defender
                                (Terence S. Ward, Federal Defender, *on the brief*), New
                                Haven, CT.

─────────────────────────

[*] The Honorable Cathy Seibel, United States District Court for the Southern District of
New York, sitting by designation.

Appeal from the United States District Court for the District of Connecticut (Covello, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED** for re-sentencing.

Travail McLean appeals from the sentence principally of 18 months imprisonment imposed by the district court on September 18, 2012, following his guilty plea to one count of maliciously conveying false information, in violation of 18 U.S.C. § 844(e). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"Reasonableness review is akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007) (internal quotation marks, citation and alterations omitted). Reasonableness review encompasses two components: procedural and substantive reasonableness. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). "A district court commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory. It also errs procedurally if it does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact. Moreover, a district court errs if it fails adequately to explain its chosen sentence." *Id.* at 190 (internal citations and quotation marks omitted).

We have recognized the importance of the district court making a statement of reasons to support the sentence imposed: "for our own purposes, an adequate explanation is a precondition for 'meaningful appellate review.' We cannot uphold a discretionary decision unless we have confidence that the district court exercised its discretion and did so on the basis of reasons that survive our limited review. Without a sufficient explanation of how the court below reached the result it did, appellate review of the reasonableness of that judgment may well be impossible." *Id.* at 193 (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). While district courts plainly do not have to accompany every sentence with a full opinion, "[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, . . . the judge will normally go further and explain why he has rejected those arguments." *Rita v. United States*, 551 U.S. 338, 356-57 (2007). Here, the district court imposed a sentence of 18 months imprisonment, stating that it had looked at the submissions and arguments of the parties and the factors in 18 U.S.C. § 3553, and determined that the term of 18 months was "fair, just and reasonable." Because the district court did not provide any additional reasons for the chosen sentence, we conclude that it committed procedural error by "fail[ing] adequately to explain its chosen sentence." *Cavera*, 550 F.3d at 190; *see also United States v. Echeverri*, 460 F. App'x 54, 56 (2d Cir. 2012). Especially in light of the submissions of defense counsel demonstrating McLean's psychiatric and cognitive deficits, and defense counsel's specific request for the Court's reasons for the sentence imposed, the district court judge erred by failing to "explain why he has rejected those arguments." *Rita*, 551 U.S. at 357. We thus vacate McLean's sentence and remand for resentencing.

2

Because we have vacated McLean's sentence on procedural grounds, we do not determine whether the sentence imposed was substantively reasonable. *See Cavera*, 550 F.3d at 190 (where district court has committed procedural error, proper course may be to remand so the district court "can either explain what it was trying to do, or correct its mistake and exercise its discretion anew," instead of "proceed[ing] to review the sentence for substantive reasonableness").

Accordingly, the sentence imposed by the district court hereby is VACATED and the case is REMANDED for re-sentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk