12-2574-cr
*United States v. Echeverri*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of May, two thousand thirteen.

PRESENT:

PIERRE N. LEVAL,
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

   *Appellee,*

    -v.-              No. 12-2574-cr

CARLOS ECHEVERRI, also known as c4p3t069@gmail.com,
also known as capeto69@yahoo.com, also known as
cape266@hotmail.com, also known as capeto66@hotmail.com,
also known as Carlos Millan, also known carpetin69@yahoo.com,
c4b3tco69@gmail.com,

   *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**    COLLEEN P. CASSIDY, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

**FOR APPELLEE:**                                   KARIN ORENSTEIN, Emily Berger, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney, United States Attorney's Office for the Eastern District of New York, Brooklyn, NY.

Appeal from the amended judgment of the United States District Court for the Eastern District of New York, imposed May 17, 2012, and filed May 31, 2012 (Sterling Johnson, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the cause be **REMANDED** to the District Court (Sterling Johnson, Jr., *Judge*) with instructions to vacate the amended sentence and to resentence the defendant.

Defendant Carlos Echeverri was convicted, after entering a plea of guilty, of receipt and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (a)(4)(b). In his first appeal of his sentence, he argued that the District Court provided insufficient explanation of its chosen sentence. We agreed and vacated his sentence and remanded for resentencing. He now brings a second appeal, arguing that procedural defects in his resentencing proceeding require us, once again, to vacate and remand for resentencing. Once again, we must agree. We assume familiarity with the underlying facts and procedural history of this case.

## BACKGROUND

On January 20, 2010, Echeverri pleaded guilty, without a plea agreement, to one count of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2), and to one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). On December 20, 2010, at his first sentencing, the District Court denied Echeverri's request for a below-Guidelines sentence. Instead, the court determined that "a sentence that is sufficient but not greater than necessary to address this particular crime is the low end of the guideline." Joint App'x 66. The court imposed a prison sentence of 97 months, which was the bottom of what both parties agreed was the correct Guidelines range.

Echeverri then appealed, "argu[ing] that the sentence must be vacated because the district court conducted no independent analysis of the sentencing factors and Guidelines enhancements and failed to give specific reasons for imposing the sentence." *United States v. Echeverri*, 460 F. App'x 54, 55 (2d Cir. 2012). We concluded that "the district court did not provide any additional reasons for its chosen sentence," and therefore "'fail[ed] adequately to explain its chosen sentence.'" *Id.* at 56 (quoting *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008)). We emphasized that, in light of our decision in *United States v. Dorvee*, 616 F.3d 174, 185-86 (2d Cir. 2010), a sentencing court must take particular care "to independently evaluate the enhancements in his particular case" relating to

child pornography. *Echeverri*, 460 F. App'x at 56. Accordingly, we vacated Echeverri's sentence and remanded to the District Court for resentencing.

At resentencing, the District Court stated that "[t]his case was remanded from the Court of Appeals with instructions for the Court to adequately explain its chosen sentence, which I will do." Joint App'x 100. The District Court proceeded to explain its Guidelines calculus in detail and resentenced Echeverri to 97 months in prison. At the conclusion of the proceeding, the government asked the court to "comment briefly on why this chosen sentence is correct, in addition to the Guidelines calculation." *Id.* at 104-05. The court responded:

> I've consulted 3553(a), recognizing that the Guidelines are advisory, and I think that some of the reasons, like 3553(a)(2)(a), talks about the sentence is supposed to reflect the seriousness of the offense. And 3553(a)(2)(b) is supposed to afford deterrence for criminal conduct.
>
> And here, the defendant possessed a video lasting longer than five minutes, which is an aggravating factor itself. The defendant showed images involving ropes and binding, that the images and included minors under the age of 12.
>
> The defendant spend a hundred dollars a month on subscriptions to child pornography, and he had a job—I think it was as a lifeguard, and he was paid $8 to $12 an hour, which is a substantial portion of his salary. And the defendant for a period of six years spent three hours per week viewing modeling sites.
>
> The defendant was evaluated and he was cleared to be a moderate risk to the community, but there was a high risk of re-offense on the internet. That is the reason.

*Id.* at 105. The District Court did not ask Echeverri if he wished to make a statement.

## DISCUSSION

Echeverri now argues that the District Court "did not afford [him] an opportunity to speak, as is required by Rule 32." Appellant's Br. 20 (referring to Fed. R. Crim. P. 32).[1] The government agrees, Appellee's Br. 16-20, as do we.

However, upon review of the transcript of Echeverri's resentencing, it is also clear that the District Court and the parties misunderstood our prior order as effecting a limited remand for the purpose of further explanation of the chosen sentence, rather than as requiring a full resentencing. The District Court did not pronounce a new sentence, but rather provided reasons for the sentence

---

[1] In relevant part, Federal Rule of Criminal Procedure 32 requires a sentencing court to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii).

that had been previously vacated. *Echeverri*, 460 F. App'x at 56. We have no choice but to remand again for a full resentencing, because "when a sentence has been vacated, the defendant is placed in the same position as if he had never been sentenced." *United States v. Maldonado*, 996 F.2d 598, 599 (2d Cir. 1993).

In remanding for resentencing, we note that the District Court must, as we indicated in our previous order, "independently evaluate the enhancements in [this] particular case" and explain why it has selected whatever sentence it chooses to impose. *See Echeverri*, 460 F. App'x at 56. As we explained in *Dorvee*, especially in considering sentences under U.S.S.G. § 2G2.2, district courts may not presume that a sentence falling within the Guidelines range satisfies the requirements of 18 U.S.C. § 3553(a), including the parsimony clause. 616 F.3d at 182-83, 188. The District Court must carefully consider and explain the sentence in relation to the purposes of sentencing.

Although the parties agree that we must remand for resentencing, they disagree as to who should serve as the resentencing judge. Echeverri would like us to remand to a new judge for resentencing, while the government contends that reassignment is not warranted. In this case, the failure to conduct a full resentencing was an honest mistake by an experienced, able, and respected judge. We are confident that on remand the District Court will conduct a full resentencing, in compliance with all procedural requirements. In short, we have no reason to think reassignment is justified. *See United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977) ("Absent proof of personal bias requiring recusation, . . . the principal factors considered by us in determining whether further proceedings should be conducted before a different judge are (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.").

### CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **REMAND** the cause to the District Court (Sterling Johnson, Jr., *Judge*) with instructions to vacate the amended sentence and to resentence the defendant.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4