10-577-cr
United States v. Ryan

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28ᵗʰ day of January, two thousand eleven,

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             PETER W. HALL,
                  *Circuit Judges*.

_____

UNITED STATE OF AMERICA,

                                        *Appellee*,

          -v-                                          10-577-cr

JOHN PERRY RYAN,

                                        *Defendant-Appellant*.

_____

Appearing for Appellant:     David J. Williams, St. Johnsbury, VT.

Appearing for Appellee:      Tristram J. Coffin, United States Attorney; Annika Frostick, Gregory L. Waples, Assistant United States Attorneys, *on the brief*, Burlington, VT.

Appeal from the United States District Court for the District of Vermont (Sessions, *J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant John Perry Ryan ("Ryan") pleaded guilty to two counts of a second superseding indictment charging him with transporting child pornography in violation of 18 U.S.C. § 2252(a)(1), and admitted to an allegation of forfeiture under 18 U.S.C. § 2253. On February 8, 2010, Chief Judge Sessions of the District of Vermont sentenced Ryan to ninety months' imprisonment, followed by five years of supervised release, a mandatory assessment of $200, and forfeiture of his interest in his house. Ryan now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal Ryan first argues that his sentence is substantively unreasonable, especially in light of our Court's decision in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010). Second, Ryan argues that the mandatory minimum for sentencing provisions under 18 U.S.C. § 2252 violates the Constitution's Separation of Powers provision, the Eighth Amendment's prohibition on grossly disproportionate sentences, and the Equal Protection clause of the Fifth Amendment by treating similarly situated offenders, for instance drug offenders vis-à-vis child pornography offenders, differently. Third, Ryan argues that the district court erred when it failed to exclude illegally seized evidence at sentencing that it had previously and properly suppressed, and requests this Court to reconsider its ruling in *United States v. Tejada*, 956 F.2d 1256 (2d Cir. 1992).

The Presentence Report ("PSR") determined Ryan's total offense level at thirty-seven. Because his crime was transporting child pornography, it carries a statutory minimum of five years' imprisonment. 18 U.S.C. § 2252(b)(1). Applying a three-level deduction for acceptance of responsibility, Judge Sessions agreed with the total offense level of thirty-four set forth in the PSR, which yielded a Guidelines sentence of between 151 to 188 months. Pursuant to the factors under 18 U.S.C. § 3553(a), the court decided to decrease the total offense by five levels, to twenty-nine. The Guidelines range for that offense total was between 87 to 108 months. The court sentenced Ryan to ninety months' imprisonment.

As an initial matter, the standard of review for sentencing is one of "reasonableness." *United States v. Booker*, 543 U.S. 220, 260-62 (2005). Review to determine whether a sentence is "reasonable" involves both "an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). Reasonableness review is akin to a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 52 (2007).

To impose a procedurally reasonable sentence, a district court must "(1) normally determine the applicable Guidelines range, (2) consider the Guidelines along with the other factors under § 3553(a), and (3) determine whether to impose a Guidelines sentence or a non-Guidelines sentence." *United States v. Villafuerte*, 502 F.3d 204, 206-07 (2d Cir. 2007); *accord Gall*, 552 U.S. at 53. If the district court is found to have committed no procedural errors, "the appellate court should then consider the substantive reasonableness of the sentence imposed," which includes looking to the "totality of the circumstances." *Gall*, 552 U.S. at 51.

A sentencing court's legal application of the Guidelines is reviewed de novo, while the court's underlying factual findings with respect to sentencing established by a "preponderance of

the evidence," are reviewed for clear error. *See United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir. 2004); *see also* 18 U.S.C. § 3742(e). In deciding upon a sentence, a district court has the discretion to rely on the wide array of facts before it, including information set forth in the pre-sentence report, as well as evidence that would not be admissible at trial, so long as the defendant is given an opportunity to contest the accuracy of that information. *See United States v. Rodriguez-Gonzalez*, 899 F.2d 177, 182 (2d Cir. 1990), *cert. denied*, 498 U.S. 844 (1990); *United States v. Romano*, 825 F.2d 725, 728-29 (2d Cir. 1987).

Here, Ryan asserts only that the sentence was substantively unreasonable. Substantive reasonableness is reviewed "under a deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). "We will . . . set aside a district court's substantive determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). Determining substantive reasonableness involves consideration of the totality of the circumstances. *See Gall*, 552 U.S. at 51. Even if a sentence is within the Guidelines range, "we do not presume that such sentences are reasonable when we review them substantively;" rather, the relevant inquiry "is determined . . . by the district court's individualized application of the statutory [§ 3553(a)] sentencing factors." *Dorvee*, 616 F.3d at 183-84. Nevertheless, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). A finding of substantive unreasonableness is similar to the review we grant a motion for a new criminal trial in determining whether a jury's verdict was "manifestly unjust," or the finding of an intentional tort by state actors in whether it "shocks-the-conscience." *See Rigas*, 583 F.3d at 122-23.

Ryan's sentence of roughly seven and a half years is not substantively unreasonable. The judge was particularly conscientious in considering the § 3553(a) factors and after a lengthy discussion of the defendant and his offense, he decided to decrease the total offense level by five. While we do not rely on the fact that the sentence was within the Guidelines in deciding it was reasonable, it is nevertheless relevant to the analysis that the sentence is below the within-Guidelines sentence for a total offense level of 34, and on the lower end of the lowered Guidelines range for the offense level of 29.

Ryan relies on *Dorvee*, in order to urge us to deem his sentence substantively unreasonable. *Dorvee* held that a sentence of 240 months for a first time offender who pleaded guilty to distribution of pornography was procedurally and substantively unreasonable. 616 F.3d at 182, 188. With respect to its substantive ruling, the court held that even if the sentence was a within-Guidelines sentence, the sentence imposed was unreasonable. *Id.* at 183. The court in *Dorvee* explained that it was troubled by the lower court's apparent assumption that defendant would actually sexually assault a child, even though his offense involved only viewing and distributing child pornography; it noted that the district court provided no rationale for why the maximum sentence of incarceration was chosen by the court in violation of the parsimony clause; and the court assumed the statutory maximum sentence would have been upheld on appeal. *Id.* at 183-84. Moreover, we noted that the district court errors were committed within the context of a procedurally erroneous sentencing Guidelines range. *Id.* at 184.

3

The case before us is distinguishable in many ways. We are faced with a sentence which is nowhere near the statutory maximum, and is actually nearer the five-year statutory minimum. While that consideration alone does not end the analysis, the district court also underwent a detailed explanation of Ryan's offense in considering the type of pictures viewed, the extent of the crime committed, and the impact on the children who were victimized in the making of some of the pictures; it also considered Ryan's age and medical conditions, and his contributions to his family, his friends, and society at large. Moreover, the court nowhere exhibited a mistaken assumption that Ryan was at risk of actually engaging in the sexual assault of a child as the court in *Dorvee* had discussed. In fact, one of the witnesses the court heard was a psychologist, who explained at length the difference between hands-on and hands-off child pornography offenses, with Ryan being the latter. Finally, the court below was not working under a mistaken Guidelines range. Accordingly, *Dorvee* does not provide Ryan's argument that his sentence is substantively unreasonable much support.

We have considered Ryan's remaining contentions and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk