10-4570-cr
United States v. Chow

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of November, two thousand eleven.

PRESENT: REENA RAGGI,
SUSAN L. CARNEY,
*Circuit Judges*,
LAWRENCE E. KAHN,
*District Judge*.[*]

---------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                                No. 10-4570-cr

JASON CHOW,
*Defendant-Appellant*.

---------------------------------------------------------------------

FOR APPELLANT:        Domenick J. Porco, Esq., Scarsdale, New York.

FOR APPELLEE:         Nicholas L. McQuaid, Justin Anderson, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

[*] Judge Lawrence E. Kahn of the United States District Court for the Northern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction entered on October 7, 2010, is AFFIRMED.

Jason Chow, who pleaded guilty to attempted receipt of child pornography, see 18 U.S.C. § 2252A(a)(2)(B), (b)(1); and possession of child pornography, see id. § 2252A(a)(5)(B), (b)(2), appeals his below-Guidelines sentence of 84 months' imprisonment as procedurally and substantively unreasonable. We review the challenged sentence for abuse of discretion, see United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc), assuming the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Procedural Error

Chow submits that his sentence is rendered unreasonable by procedural error in that the district court calculated his Sentencing Guidelines range by reference to U.S.S.G. § 2G2.2 enhancements "repudiat[ed]" by United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010). Appellant Br. at 12. He asserts that Dorvee imposes a heightened standard for the application of § 2G2.2 enhancements in individual cases that should bar their application to him. Chow misreads Dorvee.

Dorvee recognizes district courts' post-Booker authority to "vary from the Guidelines range based solely on a policy disagreement with the Guidelines," and encourages courts to take seriously that discretion "in fashioning sentences under § 2G2.2" for child pornography

defendants.  United States v. Dorvee, 616 F.3d at 188.  Nothing in Dorvee precludes application of the § 2G2.2 enhancements to the calculation of the Guidelines range from which a court may then vary.  Nor does Dorvee condition application of § 2G2.2 enhancements on heightened findings.  Indeed, in Dorvee itself, this court determined that the sentencing court had properly applied the § 2G2.2 enhancements, see id. at 180, concluding that the sentencing court committed procedural error only in failing to recognize that a statutory maximum limited the applicable Guidelines range, see id. at 180-81.  Accordingly, no procedural error renders Chow's sentence unreasonable.

2.      Substantive Reasonableness

Chow argues that his 84-month sentence was substantively unreasonable because the mandatory minimum sentence of 60 months would have sufficed to satisfy the purposes of sentencing identified in 18 U.S.C. § 3553(a).  "[S]ubstantive reasonableness reduces to a single question: 'whether the District Judge abused his discretion in determining that the § 3553(a) factors supported' the sentence imposed." United States v. Jones, 531 F.3d 163, 170 (2d Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 56 (2007)).  In answering this question, "we will not substitute our own judgment for the district court's"; rather, we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted).

That is not this case.  The record reveals that, after calculating Chow's Guidelines range to provide for a prison sentence of 108 to 135 months, the district court discussed with

the parties <u>Dorvee</u>'s admonition against mechanically sentencing child pornography defendants within Guidelines ranges prescribed by § 2G2.2, the propriety of particular sentencing enhancements to Chow's case, and the relative merits of Guidelines and non-Guidelines sentences in light of the § 3553(a) factors as they pertained to Chow's individual circumstances. It then carefully explained its reasons for concluding that a non-Guidelines sentence of 84 months' incarceration was necessary to serve the purposes of sentencing. This record refutes Chow's argument that the district court failed to give "thoughtful consideration [to] the serious judicial objections that have been articulated by this and other courts" to mechanical Guidelines sentences in child pornography cases. Appellant Br. at 12. More important, it convincingly demonstrates that the challenged sentence falls within the range that we must deem substantively reasonable.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court