**12-135-cr (L)**
United States v. Kornhauser

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand thirteen.

PRESENT: JOHN M. WALKER, Jr.,
    RICHARD C. WESLEY,
    CHRISTOPHER F. DRONEY,
      *Circuit Judges.*

---

UNITED STATES OF AMERICA,

     *Appellee,*

   -v.-          Nos. 12-135-cr (L)
               12-1448-cr (Con)

JULIUS KORNHAUSER,

     *Defendant-Appellant.*

---

FOR APPELLANT:   LAWRENCE GERZOG, New York, NY.

FOR APPELLEE:   SARAH E. McCALLUM, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Consolidated appeals from the United States District Court for the Southern District of New York (McMahon, *J.* and Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the District Courts are **AFFIRMED.**

After a three-day jury trial, Defendant-Appellant Julius Kornhauser was convicted of possessing and receiving child pornography in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (a)(2)(A), respectively. After dismissing the first count for possession of child pornography, Kornhauser was sentenced to 168 months' imprisonment for receiving child pornography. Kornhauser appeals (1) the judgment of conviction and sentence entered on January 5, 2012, by the United States District Court for the Southern District of New York (McMahon, *J.*) and (2) a judgment entered on March 23, 2012, in the United States District Court for the Southern District of New York (Preska, *C.J.*) revoking his supervised release - previously imposed for an unrelated tax fraud conviction - on account of the above-referenced conviction. We assume the parties' familiarity with the facts and procedural history of this case.

**DISCUSSION**

**A.   The Trial**

Kornhauser alleges that the district court committed three procedural errors at trial: (1) admitting images of child pornography recovered from his computer for display to the jury; (2) excluding his testimony as to his uncle's "problem[atic] sexual behavior;" and (3) denying his preferred jury instructions. He also challenges the overall sufficiency of the evidence.  All four lack merit.

Kornhauser first contends that, because there could be no serious dispute that the images found on his computer were child pornography, the images' prejudicial effect outweighed their probative value. In other cases involving child pornography, this Court has permitted admission of similar images even where the defendant stipulated to its existence.  *See, e.g., United States v. Polouizzi,* 564 F.3d 142, 152-153 (2d Cir. 2009).  Kornhauser does not suggest that this case merits a departure from our precedent. The district court here considered whether the probative value of publishing the images to the jury was substantially outweighed by its prejudicial effect and concluded that it was not.

3

Second, Kornhauser contends that he should have been permitted to testify about his uncle's "history of problem[atic] sexual behavior." Notably, at trial Kornhauser did not articulate how or whether this testimony would be relevant to child pornography. Evidence of another party's guilt "may be excluded where it ... is speculative or remote" relative to the crime with which defendant is charged. *Holmes v. South Carolina,* 547 U.S. 319, 327 (2006). Testimony relating to his uncle's sexual history could have "intensifie[d] the grave risk of jury confusion" and would have added little to the trial. *Wade v. Mantello,* 333 F.3d 51, 62 (2d Cir. 2003) (internal quotation marks omitted). The district court was within its discretion in excluding this testimony.

Third, Kornhauser asserts that the district court should have used jury instructions he proffered. A "defendant challenging the district court's rejection of his proposed jury instructions 'must show that his proposed charge accurately represented the law in every respect, and that the charge actually given, viewed as a whole, prejudiced him.'" *United States v. Archer*, 671 F.3d 149, 158 (2d Cir. 2011) (quoting *United States v. Feliciano,* 223 F.3d

102, 116 (2d Cir. 2000)).  Kornhauser's proposed instructions focused on the differences between proving that a defendant viewed or received child pornography.  This distinction was accomplished by the district court's thorough instructions, which twice noted that "the government must prove beyond a reasonable doubt that the defendant. . . was aware that he had received or attempted to receive the visual depiction that constitutes child pornography."  Kornhauser was not prejudiced by these instructions.

Finally, Kornhauser contends that the evidence was insufficient to merit conviction.  This Court has previously ruled that automatic downloading of temporary internet files can constitute "knowing receipt" of child pornography when the defendant searched for child pornography on the internet and demonstrated his awareness of the likelihood that, in so doing, he had downloaded temporary internet files containing child pornography, e.g. by attempting to delete them.  *United States v. Ramos,* 685 F.3d 120, 132 (2d Cir. 2012).  Here, Kornhauser viewed at least 700 images of child pornography, created bookmarks for child pornography websites, and installed and regularly ran (including the day

before the search that led to his arrest) software designed to delete temporary internet files.  In light of this evidence, a rational jury could have concluded that Kornhauser knew he had received child pornography on his computer.  His contention that the evidence was insufficient is therefore without merit.

**B.  The Sentencing**

Kornhauser contends, first, that the district court erred in dismissing the possession charge in lieu of the receipt charge.  This argument is without merit; the court's decision was well-founded, explained in its expansive sentencing statement, and strongly supported by the record.

Kornhauser also argues that his sentence was procedurally and substantively unreasonable.  The court correctly calculated the Guidelines range and then explained why, in light of the parties' arguments in this case, it felt that the Guidelines reflected the most appropriate sentence; there was no procedural error.  *See id.* at 190-193.

Furthermore, the court's well-reasoned, well-articulated sentencing statement indicated an awareness that the Guidelines range for receipt of child pornography is

quite severe. Far from relying exclusively on the Guidelines range, the district court based its ruling on Kornhauser's past and courtroom behavior and the sentencing memoranda and submissions. For the reasons articulated in the district court's sentencing statement, Kornhauser's sentence was substantively reasonable.

We have considered Kornhauser's remaining arguments and find them to be without merit. For the reasons stated above, the judgments of the district courts are **AFFIRMED**.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```