17-3193-cr
United States v. Wolfe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand nineteen.

PRESENT:  RALPH K. WINTER,
              JOHN M. WALKER, JR.,
              CHRISTOPHER F. DRONEY,
                      *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

              *Appellee*,

        v.                                                17-3193-cr

BERNARD WOLFE,

            *Defendant-Appellant*.

_____

FOR DEFENDANT-APPELLANT:  LAWRENCE ELMEN, Elmen Law Firm P.C., Saratoga Springs, NY.

FOR APPELLEE:  PAUL D. SILVER, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, NY.

Appeal from an October 4, 2017, judgment of the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **REMANDED IN PART**.

Defendant-Appellant Bernard Wolfe appeals from a judgment sentencing him to two concurrent terms of 97 months' imprisonment and 25 years' supervised release. Wolfe pled guilty to one count each of receipt of child pornography, 18 U.S.C. § 2252A(a)(2)(A), and possession of child pornography, *id.* § 2252A(a)(5)(B).[1] On appeal, Wolfe argues that his prison sentence is both procedurally and substantively unreasonable, and that the conditions of his supervised release are also substantively unreasonable. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

Our standard of review is well established. We review a district court's sentence for abuse of discretion. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). That review "encompasses two components: procedural review and substantive review." *Id.* We first review the sentence for procedural error. *United States v. Brown*, 843 F.3d 74, 80 (2d Cir. 2016). That form of error "occurs in situations where the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the § 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation." *Id.* (internal quotation marks omitted). We review the district court's application of the Guidelines *de novo* (assuming the defendant raised an objection below) and a misapplication or misinterpretation of the Guidelines constitutes an abuse of discretion that results in procedural error. *See, e.g.*, *United States v. Genao*, 869 F.3d 136, 141 (2d Cir. 2017); *United States v. Broxmeyer*, 699 F.3d 265, 281 (2d Cir. 2012).

Second, we will set aside a sentence for substantive unreasonableness only when the district court's decision "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). In conducting that review, we "consider whether a [sentencing] factor relied on by a sentencing court can bear the weight assigned to it," *id.* at 191, while "tak[ing] into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts," *id.* at 190.

---

[1] Wolfe pled guilty without a plea agreement.

## I. Procedural Reasonableness

The district court determined that Wolfe had a base offense level of 22 under the Sentencing Guidelines, and that four enhancements under U.S.S.G. § 2G2.2 applied, adding an additional 13 points. Those enhancements included two points for images that involve a minor under the age of 12, four points for sadistic or violent images, two points for use of a computer, and five points for possessing over 600 images. The district court also subtracted five points because Wolfe's offense was limited to the receipt of child pornography and he did not intend to distribute such pornography, and for his acceptance of responsibility. As a result, Wolfe's adjusted Guidelines offense level was 30, and with Wolfe's Criminal History Category of I, the Guidelines suggested a range of 97–121 months.

Wolfe first argues that the district court erred by applying the four enhancements to his Guidelines offense level. He maintains that those enhancements should not apply because they are "all but inherent" in the commission of the offense. Appellant's Br. 11 (citation omitted). Wolfe cites to our decisions in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), and *United States v. Jenkins*, 854 F.3d 181 (2d Cir. 2017), to support his argument. However, in those cases, we did not instruct district courts to not include the enhancements when calculating the Guidelines; rather, we cautioned district courts to exercise "great care" in applying them, because their application "routinely results in Guidelines projections near or exceeding the statutory maximum, even in run-of-the-mill cases." *Dorvee*, 616 F.3d at 184–86; *see also Jenkins*, 854 F.3d at 190. And in both cases, we made clear that the weight placed on the Guidelines as part of the § 3553 inquiry is an issue that we review as part of our substantive reasonableness inquiry. *Jenkins*, 854 F.3d at 187–88; *Dorvee*, 616 F.3d at 182. Thus, because Wolfe's challenge is one of substantive reasonableness, his procedural reasonableness challenge fails.

## II. Substantive Reasonableness

Wolfe next challenges the substantive reasonableness of both his prison sentence and term of supervised release. First, as to his 97-month sentence, Wolfe contends that the district court placed too much weight on the Guidelines range, the nature of certain pornographic materials in his collection, his use of pornography websites after a state arrest (for the same conduct) and before his federal arrest, and the nature of his prior employment. We conclude that the 97-month term of imprisonment is substantively reasonable. This Court has repeatedly upheld sentences of similar or greater length as substantively reasonable in cases where the defendants did not produce or distribute child pornography or engage in the direct sexual abuse of a child, even after our decision in *Dorvee*. *See, e.g.*, *United States v. Aumais*, 656 F.3d 147, 157 (2d Cir. 2011) (holding that 121-month

sentence for transporting and possessing child pornography was substantively reasonable); *United States v. Kornhauser*, 519 F. App'x 41, 44 (2d Cir. 2013) (summary order) (affirming 168-month sentence for receipt of child pornography); *United States v. Hagerman*, 506 F. App'x 14, 17–18 (2d Cir. 2012) (summary order) (upholding 97-month sentence for receiving and possessing child pornography, even though defendant had no prior criminal history, a history as a victim of sexual abuse, no record of sexually abusing a minor, and a low risk of recidivism); *United States v. Ryan*, 406 F. App'x 565, 567 (2d Cir. 2011) (summary order) (affirming 90-month sentence for transportation of child pornography as substantively reasonable).

Many of these decisions pointed out that, unlike in *Dorvee*, the defendant's sentence did not approach the statutory maximum. *See, e.g.*, *Aumais*, 656 F.3d at 157 (observing that the "Guidelines range . . . was well short of the statutory maximum" in upholding substantive reasonableness of sentence); *Hagerman*, 506 F. App'x at 18 ("[U]nlike *Dorvee,* Hagerman was not sentenced to the 240-month statutory maximum."); *cf. Jenkins*, 854 F.3d at 192–93 ("District courts should generally reserve sentences at or near the statutory maximum for the worst offenders."). Like those cases, Wolfe's Guidelines range and sentence fall far short of the statutory maximum of 240 months.[2] Of course, the difference between Wolfe's sentence and the statutory maximum is only one consideration that we evaluate in assessing a sentence's reasonableness. Here, like in the other cases we have discussed, that consideration also supports the conclusion that Wolfe's sentence was substantively reasonable.

The district court provided other reasons for why it considered the sentence in this case appropriate, noting the sadistic nature of the images, the number of images that Wolfe possessed, and the young age of the victims in the photos. *See Ryan*, 406 F. App'x at 568 (relying in part on district court's "detailed explanation of . . . the type of pictures viewed" and the "extent of the crime committed" to affirm sentence for transportation of child pornography). The district court's consideration of those issues also supports our conclusion that the sentence was reasonable. In addition, we also find no error in the other factors that the district court discussed, such as (1) Wolfe's prior employment involving children at a sports camp (and his termination after he received an email with sexually explicit material), and (2) his viewing of adult, rather than child, pornography on a website that also may have contained child pornography–related material after his state arrest for the same conduct that resulted in his federal indictment. Accordingly, applying our highly

---

[2] The statutory maximum for possession of child pornography is 10 years (i.e., 120 months), *see* 18 U.S.C. § 2252A(b)(2), but the relevant maximum here is that of receipt of child pornography, for which the statute imposes a maximum sentence of 20 years (240 months), *see id.* § 2252A(b)(1).

deferential standard of review, we conclude that the district court's 97-month sentence was substantively reasonable.

## III.  Special Conditions of Supervised Release

Finally, Wolfe challenges the district court's decision to impose a 25-year term of supervised release and specific conditions of supervised release that prohibit him from having direct contact with minors or going to any place where he knows minors are likely to be without pre-approval from the Probation Office, or from going to, or remaining at, a place for the primary purpose of observing or contacting minors. He argues that these conditions—and the length of the term of supervised release—are unreasonable because they lack a reasonable relation to the nature and circumstances of his convicted offenses and personal history. Moreover, he asserts that the conditions are unnecessarily overbroad, and would impact his ability to spend time with his grandchildren.

These special conditions of supervised release are substantially the same as those imposed in a recent case, *United States v. Bleau*, 930 F.3d 35 (2d Cir. 2019) (per curiam), in which we held that "[w]hile there may be reasonable arguments to support the imposition of th[ese] special condition[s], we [could not] conclude that, *on the present record*, th[ese] condition[s] [are] warranted." *Id.* at 43. We find the same deficiency here.

A district court "is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it . . . [unless] the district court's reasoning is self-evident in the record." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (internal quotation marks omitted). "[T]he failure to do so is error." *Id.* And 18 U.S.C. § 3583(d) mandates that a district court may only impose a special condition of supervised release that is "reasonably related to the factors set forth in [§ 3553(a)]" and "involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in [§ 3553(a)]."

A review of the transcript of Wolfe's sentencing hearing reveals that the district court "did not adequately explain why [] condition[s] prohibiting direct contact with minors without pre-approval from the Probation Office [were] reasonably necessary to promote the relevant 18 U.S.C. § 3553(a) factors." *Bleau,* 930 F.3d at 43. Like the defendant in *Bleau*, Wolfe "was not alleged to have engaged in, or attempted to engage in, inappropriate contact with minors," even while working at a sports camp with minors. *Id.* And there is no evidence in the record that the district court specifically evaluated whether these conditions imposed "no greater deprivation of liberty than is reasonably necessary." 18 U.S.C. § 3583(d). Moreover, while the district court did discuss factors that could well bear on the decision to impose the special conditions, it did so in the context of the

5

imposition of Wolfe's sentence of imprisonment, rather than in the specific context of the special conditions of supervised release. Without a clearer articulation of the district court's reasons for imposing the special conditions, we cannot conclude the imposition of these conditions for a period of 25 years is warranted on this record.

Accordingly, we remand the cause to the district court for further consideration of only the second, third, and fourth Special Conditions, with instructions that (1) the district court provide a statement of reasons if it decides to adhere to these special conditions; or (2) if it does not so decide, to modify the sentence to eliminate or modify those special conditions.

For reasons stated above, we **AFFIRM IN PART** and **REMAND IN PART** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6