17-3162-cr
*United States v. Escobosa*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand nineteen.

Present:
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

   *Appellee*,

  v.           17-3162-cr

LUIS ESCOBOSA,

   *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | ROLAND R. ACEVEDO, Law Office of Roland R. Acevedo, New York, NY |
| For Appellee: | KEVIN TROWEL, Assistant United States Attorney (Samuel P. Nitze and Tanya Hajjar, Assistant United States Attorneys, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART, VACATED IN PART, and REMANDED**.

Luis Escobosa appeals from a September 27, 2017 judgment imposing a sentence of eighty-seven months' imprisonment and five years of supervised release. Escobosa pleaded guilty to one count of possession of child pornography. He now challenges the reasonableness of the sentence, the imposition of three conditions of supervised release, and the effectiveness of his sentencing counsel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

I. **Reasonableness of the Sentence**

"We review the [sentencing] work of district courts under a 'deferential abuse-of-discretion standard.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "This form of appellate scrutiny encompasses two components: procedural review and substantive review." *Id.* As relevant here, "[a] district court commits procedural error where it . . . makes a mistake in its Guidelines calculation, or . . . rests its sentence on a clearly erroneous finding of fact." *Id.* at 190. As to the second component, "[w]e will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

2

Escobosa's claim of procedural unreasonableness is predicated on two statements in the Presentence Investigation Report ("PSR") that he asserts were adopted as factual findings by the district court: (1) that Escobosa failed to report that his stepfather had a child pornography conviction; and (2) that Escobosa told another offender "during a group therapy session that he created a website that allows individuals to access child pornography for a fee; and that he can bypass the monitoring software placed by Pretrial Services on [his] monitored computer."  A. 294.[1]

Escobosa concedes that any challenge to the first of these two facts is reviewed for plain error because he did not object to it below.   "For plain error, we must find (1) error, (2) that is plain, and (3) that affects substantial rights; if these three conditions are met, we have discretion to notice the forfeited error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Dorvee*, 616 F.3d 174, 180 n.2 (2d Cir. 2010).   Even if the district court found that Escobosa failed to report his stepfather's conviction, such a finding was not clearly erroneous.   Escobosa concedes that he did not tell the court at his bail hearing or Pretrial Services at any of their meetings about his stepfather's conviction.   He merely discounts the importance of this omission, noting that he apprised a Special Agent of the Federal Bureau of Investigation ("FBI") of his stepfather's conviction during the FBI investigation leading to his conviction and so was not attempting to conceal the information. Yet even if Escobosa had raised this argument below, the district court would not have been required to draw the inference Escobosa now proffers.   *See United States v. Krcic*, 186 F.3d 178, 181 (2d Cir. 1999) (noting that inferences, if supported by evidence, usually will not

---

[1] The government argues that the district court never affirmatively adopted these statements in the PSR as factual findings. For the reasons stated herein, we need not resolve this question but will assume, *arguendo*, that the district court made the factual findings relied upon by Escobosa.

3

amount to clearly erroneous fact finding). In such circumstances, Escobosa has not demonstrated plain error.

As to the second set of facts, assuming the district court made a factual finding as to statements made by Escobosa in therapy, it did not rely on those statements at sentencing. *See United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (where "the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless" (quotation marks omitted)). The district court only mentioned the statements made in therapy once in its thorough statement of reasons, as part of a summary of a memorandum prepared by Pretrial Services. The court's primary focus when discussing the need for the sentence imposed on Escobosa was his violation of bail conditions—conduct that Escobosa does not deny and which is independent of his statements in therapy. Thus, based on the record considered as a whole, any error in considering the allegations regarding Escobosa's statements was harmless.

Escobosa also contends that the district court incorrectly treated his sentencing range under the U.S. Sentencing Guidelines, U.S.S.G. §§ 2G2.2 and 3E1.1, (his "Guidelines range") as 78 to 87 months' imprisonment. We disagree. Again, based on the record considered as a whole, the district court's stray reference to that range was a misstatement, not an actual error. Indeed, the district court repeatedly referred to the correct range throughout the hearing. There is no merit to Escobosa's assertion that the district court was under a misimpression as to the Guidelines range.

We also reject Escobosa's substantive unreasonableness claim. The district court did not make the same mistakes highlighted in *Dorvee* or *United States v. Jenkins*, 854 F.3d 181, 191 (2d Cir. 2017). The district court did not suggest that Escobosa was likely to sexually assault a

4

child, it specifically explained why a substantial sentence was appropriate, and it applied each of the factors under 18 U.S.C. § 3553(a) without reference to the statutory maximum. The district court also explained that a higher sentence based on Escobosa's "disregard for the law" was warranted given his failure to comply with his bail conditions, A. 533, and that his conduct was not less culpable than other similarly situated defendants. Moreover, the district court issued a Guidelines sentence, albeit at the top of the Guidelines range. While "we do not presume that such sentences are reasonable," *Dorvee*, 616 F.3d at 183, "[w]e recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Indeed, we have upheld numerous sentences that are comparable to Escobosa's for similar conduct. *See, e.g.*, *United States v. Chow*, 441 F. App'x 44, 46 (2d Cir. 2011) (upholding 84-month sentence for attempted receipt and possession of child pornography); *United States v. Ryan*, 406 F. App'x 565, 566–68 (2d Cir. 2011) (90 months for transportation of child pornography). Thus, Escobosa's sentence does not fall outside "the range of permissible decisions." *Rigas*, 490 F.3d at 238 (quotation marks omitted).

## II. Supervised Release Conditions

Escobosa next challenges Special Conditions 4 ("The defendant will not associate with any child(ren) under the age of 18, unless a responsible adult is present and he has prior approval from the Probation Department."), 5 ("If the defendant cohabits with an individual who has minor children, the defendant will inform that other party of his prior criminal history concerning his sex offense. Moreover, he will notify the party of [Condition 4]."), and 8 ("The defendant shall notify his employer of his offense, if the job employs minors or requires access to the Internet."). S.A. 5. The government concedes that Escobosa never received notice of the

challenged conditions and that the district court failed to provide an explanation of why these conditions are reasonably necessary. *See United States v. Bleau*, 930 F.3d 35, 42–43 (2d Cir. 2019); *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). Accordingly, we vacate and remand these conditions for reconsideration with instructions that the district court either eliminate these conditions or provide a statement of reasons as to the challenged conditions.

### III.    Ineffective Assistance of Counsel

Finally, Escobosa argues that counsel during his bail revocation and sentencing was ineffective. "[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" because the record was "not developed precisely for the object of litigating or preserving the claim and thus [is] often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504–05 (2003). The record lacks "any comment from [Escobosa's] attorney," indicating that it is "unwise to consider an ineffective assistance claim on direct review," *United States v. Vilar*, 729 F.3d 62, 98 (2d Cir. 2013), and we see no reason to depart from the general rule that "the assertedly ineffective attorney" should be afforded "an opportunity to be heard and to present evidence," *Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir. 1998) (per curiam); *see also United States v. Williams*, 205 F.3d 23, 35–36 (2d Cir. 2000). Accordingly, we dismiss Escobosa's ineffective assistance of counsel claim without prejudice to renewal in a petition pursuant to 28 U.S.C. § 2255.

We have considered Escobosa's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM IN PART, VACATE IN PART, and REMAND** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6