18-3080-cr (L)
*United States of America v. Neal Braden*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand nineteen.

Present:

> PIERRE N. LEVAL,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

       *Appellee*,

    v.    18-3080-cr (L); 18-3097-cr (con)

NEAL BRADEN,

       *Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | MELISSA A. TUOHEY, Assistant Federal Public Defender (Lisa A. Peebles, Federal Public Defender, *on the brief*), Syracuse, New York |
| For Appellee: | PAUL D. SILVER, Assistant United States Attorney (Geoffrey J. L. Brown, Assistant United States Attorney, *on the brief*) *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, New York |

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *S.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Neal Braden appeals from a consolidated judgment entered on October 4, 2018 imposing a sentence of 97 months' imprisonment and 15 years of supervised release. Braden pled guilty to a one-count Western District of Missouri indictment charging him with possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2), and a one-count Northern District of New York information charging him with receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1) and 2256(8)(A). He now challenges the substantive reasonableness of the sentence imposed. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

\* \* \*

**I. Substantive Reasonableness of the Sentence**

"We review the [sentencing] work of district courts under a 'deferential abuse-of-discretion standard.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). As relevant here, "[w]e will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

On appeal Braden argues that the sentence imposed by the district court was substantively unreasonable because the district court failed to give sufficiently careful attention to the considerations raised in *United States v. Dorvee,* 616 F.3d 174 (2d Cir. 2010) and *United States v.*

2

*Jenkins*, 854 F.3d 181 (2d Cir. 2017) regarding the relevant sentencing guideline, U.S.S.G. § 2G2.2. Braden also argues that the sentence fails to adequately account for his reduced risk of recidivism due to his age, lack of criminal history, and work history.

As to Braden's first argument, regarding U.S.S.G. § 2G2.2, *Dorvee* and *Jenkins* found that sentences of 240 months (less 6 months' and 4 days' time-served) for distribution of child pornography under 18 U.S.C. § 2252A(a)(2)(A), *Dorvee*, 616 F.3d at 176, and 225 months for possession and transportation of child pornography under 18 U.S.C. §§ 2252A(a)(5)(b) and 2252A(a)(1), *Jenkins*, 854 F.3d at 184, were substantively unreasonable. Both cases concerned sentences that were at or near the statutory maximum sentence. *See Dorvee,* 616 F.3d at 184; *Jenkins,* 854 F.3d at 184 (describing the 225 month sentence as "just below the statutory maximum of 240 months"). In contrast, the instant case involves a sentence of 97 months, falling at the bottom of the calculated guidelines range of 97 to 121 months and well below the statutory maximum of 240 months.

While "we do not presume that such sentences are reasonable," *Dorvee*, 616 F.3d at 183, "[w]e recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Indeed, we have upheld numerous sentences that are comparable to Braden's for similar conduct. *See, e.g.*, *United States v. Escobosa,* No. 17-3162, 2019 WL 5294964 at *2, (2d Cir. October 18, 2019) (rejecting substantive reasonableness challenge to an 87-month sentence for possession of child pornography); *United States v. Hagerman,* 506 F. App'x 14, 17–18 (2d Cir. 2012) (noting that the defendant was not sentenced to the statutory maximum and upholding a 97-month sentence for receipt and possession of child pornography where the defendant had no prior criminal history,

was a victim of sexual abuse, had never sexually abused a minor, and where a psychological evaluation concluded "he poses only a low to moderate risk of reoffending"); *United States v. Chow*, 441 F. App'x 44, 46 (2d Cir. 2011) (upholding 84-month sentence for attempted receipt and possession of child pornography); *United States v. Ryan*, 406 F. App'x 565, 566–68 (2d Cir. 2011) (upholding a 90 months' sentence for transportation of child pornography). Thus, Braden's sentence does not appear "shockingly high," *Jenkins,* 854 F.3d at 187, nor fall outside the "broad range of sentences that would be reasonable in the particular circumstances," *Fernandez,* 443 F.3d at 27.

Additionally, the district court explicitly acknowledged *Dorvee* and other cases from this Circuit when pronouncing the sentence here.[1] The judge stated that he was "fully familiar with the Circuit's position," and that "[this Circuit has] pointed out . . . [and] rightly so, that you [have] to take a hard, hard look at all the enhancements" to avoid potential problems in their application. J.A. 115. Immediately following those statements, the district court exercised its discretion to apply a two-level guidelines reduction because Braden did not intend to distribute or traffic in the pornography. J.A. 116. The judge took this action despite the fact that the plea agreement stipulation provided that the "parties agree[d] that the defendant's conduct was not limited to the receipt or solicitation of material involving the sexual exploitation of a minor, and therefore the 2-level decrease of U.S.S.G. § 2G2.2(b)(1) does not apply." J.A. 38.

Finally, the district court expressly considered the guidelines range in light of the sentencing factors announced in 18 U.S.C. § 3553(a) and the information contained in the presentence report. J.A. 119. The court noted that Braden had engaged in the conduct here for

---

[1] Indeed, the district court judge acknowledged that he had been the sentencing judge in *Dorvee*. J.A. 115.

multiple years, that Braden had a "large collection of child pornography," some of it involving "masochistic and sadistic actions," and that substantial harm had been done to the victims depicted in those materials. *Id*. The court also noted the need to prevent Braden from engaging in this conduct in the future and the need to deter "other people who might be considering committing similar crimes." J.A. 120.

Braden's second argument, that the district court erred by failing to account for his reduced risk of recidivism due to his advanced age, work history, and lack of criminal history, is similarly unavailing. First, Braden's work history does not suggest any reason why he would be at a lower risk of recidivism given that Braden accumulated and possessed the child pornography at issue all while gainfully employed as a truck driver. Second, while Braden did not have prior convictions for child pornography, he had been previously investigated for possession of child pornography and apparently possessed at least 5,000 images on his computer in 2012. Finally, while Braden's age might suggest a lower risk of recidivism, his history of repeated and extensive collection of child pornography tends to undermine his argument that he has a low risk of recidivism, and, given the circumstances of this case, the district court did not abuse its discretion in ordering the sentence at issue here.

\* \* \*

We have considered Braden's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk